IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : BANKRUPTCY NO. 16-11169(SR) |
| DERRICK H. GARNER | : |
| | : CHAPTER 13 |
| Debtor | : |

### STIPULATION RESOLVING ALLY FINANCIAL INC.'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, O'Neil, Cedrone & DiSipio, attorneys for Ally Financial Inc. and John S. DiGiorgio, Esquire attorney for Derrick H. Garner (the "Debtor"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

(a) Derrick H. Garner (the "Debtor") financed the purchase of a 2007 Hummer H2, VIN: 5GRGN23U37H107242 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated November 10, 2012 (the "Contract") which has been assigned to Ally Financial Inc.

(b) Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally Financial Inc. and the Debtor STIPULATE AND AGREE as follows:

1. The Debtor is currently $3,992.18 in post-petition arrears through and including the July 25, 2016 due payment. The Debtor acknowledges his account is in post-petition arrears in the amount of $3,992.18.

2. The Debtor is paying $3,992.18 of the post-petition arrears along with $500.00 attorney fees through the Chapter 13 Plan for a total payment of $4,492.18. Claimant shall file an amended Proof of Claim including the post-petition arrears as stated above. Debtor shall amend his plan to include this amount.

3. The Debtor shall resume making regular monthly contractual payments in the amount of $440.90 each, commencing with the payment due on or before August 25, 2016. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due.

4. The Debtor shall make the August 25, 2016 payment and all future payments on time. Said payment shall be forwarded to: Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062.

5. All payments shall be made payable to Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062.

6. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

7. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within ten (10) days of due date, Ally Financial Inc. may be granted relief from the automatic stay with respect to the Vehicle upon filing a Certification of Counsel that

Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Trustee, Debtor and Debtor's counsel.

8. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

9. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

10. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:
DATED: 8/1/16

_____
JOHN S. DIGIORGIO, ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:
DATED: 8/1/16

_____
REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:
DATED: 8/5/16

_____
FREDERICK L. REIGLE, ESQUIRE
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

_____
STEPHEN RASLAVICH
United States Bankruptcy Judge

1863477v1

3